## JOEL BATTEY *v.* TOWN OF DUXBURY.

*Highway surveyor. Competency as witness. Liability to town. Resignation of officer. Obstruction of highway by railroad company.*

In an action against a town, brought to recover damages occasioned by an alleged insufficiency of the public highway, one who was, at the commencement of the year during which the injury occurred, duly elected highway surveyor of the district in which the highway was situated, and received from the selectmen a tax bill, in usual form, and acted as highway surveyor for a time, and then, previous to the occurring of the alleged injury, refused longer to act as highway surveyor, and resigned, and returned to the selectmen of the town his tax bill, which they accepted, and who did not afterwards act as highway surveyor, is not thereby rendered incompetent as a witness for the town.

In such case, the highway surveyor can only be held incompetent as a witness for the town, upon the ground that he would be liable to the town, if the plaintiff should succeed; but no suit could be maintained against him by the town,

·Battey *v*. Duxbury.

.after the selectmen had thus received from him his tax bill and warrant, ·with the mutual intention to release him from farther responsibility, even if.it ·should be held, that he had strictly, under the statute, no.right to resign.

ᴀ When a public highway has .been ·taken ·by a ·rail road company for the construction of their rail road, and so ·obstructed as to be rendered impassable, without .providing a substitute therefor in the manner required by law, it is not the duty of the highway surveyor to contest their right to do so, and hence he is not responsible for any injury which may occur by reason of their so doing.

TRESPASS ON THE CASE, to recover for injury alleged to have been occasioned by reason of the insufficiency and want of repair of a public highway. Plea, the general issue, and trial by jury, December Term, 1850,—PIERPOINT, J., presiding.

On trial the plaintiff gave evidence tending to prove, that there was and had been for many years a public highway through the town of Duxbury, on the south side of Onion river,—which it was conceded the defendants were bound to support; that at the place, where the injury was alleged to have occured, a spur of the mountain projected into the narrow valley south of the river, and terminated so near the river, as to leave only space sufficient for the road to pass around the spur, upon the level land; that the road, in passing around this spur, made a very short curve, turning from its general course, which was east and west, to the north, passing the end of the spur, and then turning southerly, upon its eastern slope, and curving to the east, passing around an indentation in the mountain, and ascending to the high land above Bolton Flats; that this was the only highway passing through the town of Duxbury, in the valley of Onion river, on the south side of the river.; that in the summer of 1849 the Vermont Central Rail Road Company constructed their railroad upon a portion of the highway at this point,—the rail road entering upon the highway upon its northern line, and, extending easterly, leaving the highway at about twenty rods from the point of intersection and at the western slope of the mountain, and then cutting through the spur, southerly of the highway, until it entered and crossed the highway upon the eastern slope of the spur; that the embankment upon the highway, west of the spur, was about seven feet high, and east of the excavation about thirty five feet high; that in making the excavation the rail road company had thrown the rock and other waste material, into the highway, north of the rail

road, so as to render the highway, for about one hundred rods impassable; that the rail road company had not made any arrangement with the selectmen of Duxbury for the occupation of the highway for the construction of the rail road, nor·given any notice of an intention to occupy the highway, nor for the construction of any other road in lieu of the highway; but that a path had been made on the south side of the railroad, over the spur of the mountain, uniting at each end with the highway, which path was the only place, where.travellers, passing in the valley of Onion river, on the south side of the river, could pass, from August, 1849, until the happening of the injury to the plaintiff; that this path was not in sufficient repair, as a highway; that on the twenty second of February, 1850, the plaintiff was passing from the east, over the spur of the mountain, upon this path, with a sleigh and pair of horses, and, while descending the western slope of the spur, which was covered with ice from the summit to the bottom of the path, his sleigh slid upon the ice, and his horses become unmanageable and ran, whereby the plaintiff was thrown from the sleigh and one of his horses was killed; and that neither the selectmen of Duxbury, nor the town, had ever accepted or adopted the path, as a public highway. .

The defendants offered Samuel Ridley as a witness, and, upon inquiry made by the plaintiff, Ridley stated, that he was, in 1849, the acting highway surveyor of the district including the highway in question; that in the spring of 1849 he received from the selectmen of Duxbury a tax bill, in usual form; that he continued to act as surveyor until June 16, 1849, when he refused to act as surveyor any longer, and resigned, and returned to the selectmen the tax bill which they had delivered to him,—which they accepted; and that he had not since acted as surveyor. Whereupon the plaintiff objected to the competency of the witness, and he was excluded by the court. The defendants offered to prove, that the selectmen accepted the resignation of Ridley, and received and collected the tax bill so returned; but the court excluded the evidence. There was no evidence tending to prove any insufficiency or want of repair in the road, except between the extreme points so occupied by the rail road.

The defendants contended, that they were not liable for any in.jury occasioned by the obstruction of the highway in consequence of the construction of the rail road.

The court charged the jury, that the rail road company had no right to occupy and obstruct the public highway, in the manner above described, without providing a safe and convenient road for the public travel, to the satisfaction of the selectmen of the town, or of the commissioners for appraising land damages ; that it was the duty of the town to keep the public highways in the town in sufficient repair, and to prevent the illegal erection of any permanent obstruction therein, or to remove such obstruction, when erected ; and that, if they found from the evidence, that the plaintiff was in the exercise of ordinary care and prudence in passing over the path, and in the management of his team, and did not wholly or in part contribute to the accident occasioning the injury by his want of ordinary care, but that it was occasioned wholly through the insufficiency of the highway, they should find for the plaintiff his just damages, sustained in consequence of the injury, although such injury might have been occasioned in consequence of the obstruction of the highway by the rail road, and thereby compelling the plaintiff to pass over the path so constructed south of the rail road, notwithstanding the path constituted no part of the public highway.

Verdict for plaintiff.   Exceptions by defendants.

*E. J. Phelps* for defendants.

Ridley should have been admitted as a witness.   No record of his election was produced, which was the only legal evidence,—especially as, in the absence of such record, he could not be made liable to the town.   Rev. St. c. 13, §§ 28, 29.   2 Aik. 145.   1 Vt. 81.   And if evidence of his acting as surveyor was sufficient, the same evidence showed, that he had ceased to act from the sixteenth of June, with the assent of the town.   The obstruction did not exist until August, nor the accident happen until the February following.   He resigned, and his resignation was accepted, previous to the existence of the obstruction.   Under these circumstances he cannot be made liable to the town for the consequences.   *Yuran* v. *Randolph*, 6 Vt. 369.   The right to resign is of necessity incident to every office. And the selectmen, who have the general management and control of the officers of the town, are authorized to accept such resignations, and to fill the vacancies.   Rev. St. c. 13, §§ 20, 37, 41–48. At all events, the town, having assented, through their agents, to

Battey v. Duxbury.

his ceasing to act, would be estopped from claiming damages for his subsequent neglect. Nor is the' occupation of the highway by the rail road company, under their charter, such an obstruction, as the surveyor can prevent, or for the consequences of which he is liable to the town. Rev. St. c. 21, § 4.*

A. Peck and E. D. Barber for plaintiff.

Ridley, being highway surveyor, was incompetent as a witness, by reason of his liability to the town. Rev. St. 135, § 4. Yuran v. Randolph, 6 Vt. 369. Cook et al. v. Burlington, Rutland Co. Sup. Ct., 1848, not reported. It was competent to prove by Ridley, that he was such surveyor. Proof that an individual has acted notoriously as a public officer is prima facie evidence of his official character and appointment, even as between third persons,—and most clearly as against the town, as whose officer he acted, especially as, in this case, he was recognized as such by the town, as appears by the delivery to him of the tax bill for collection. 1 Greenl. Ev. 158, § 83. McCoy v. Curtice, 9 Wend. 17. U. S. Bank v. Dandridge, 12 Wheat. 70. The offer to prove that the selectmen accepted Ridley's resignation and received back the tax bill in June, 1849, was properly rejected. Ridley being highway surveyor for that year, and having received the tax bill for collection, it was incumbent on him to perform the duties of his office until the expiration of his official year, and he had no power to resign. His office and duties are independent of the selectmen, and they have no more power to accept his resignation, than he has to accept theirs. Cook et al. v. Burlington, ub. sup.

The opinion of the court was delivered by

Royce, Ch. J. The witness, Ridley, must have been excluded on the ground of interest, by assuming that he would be liable over to the town, if the plaintiff recovered,—the same ground on which such officers have generally been excluded as witnesses for their towns, in cases like the present. But the defendants claim, that

---

* The question as to the liability of the town, under the° circumstances, was also fully discussed by the counsel; but as no decision was made by the court upon this point the positions taken need not be stated.

this witness was free from any such liability,—first, by reason of his resignation and return of papers to the selectmen,—and, second, by reason of the peculiar facts, which occasioned the highway to be out of repair.

The select men are invested with very general powers in superintending the concerns of their towns, and are expressly empowered to make a temporary appointment of highway surveyor, when the office has become vacant by non-acceptance, death, removal, insanity, or other disability, of the person chosen by the town. Resignation, or refusal farther to act in the office, after having entered upon its duties, is not, in terms, provided for. But whether there was, or was not, strictly a legal right to resign in this instance, we could hardly believe, that the town could maintain a suit against the witness, for not continuing to act in his office, after their principal agents had taken from him his tax bill and warrant, with the mutual intention to release him from farther responsibility.

As to the obstructions and want of repair, the case involves no liability for the new path ; it was not a town road. It is only for the state of the *town highway*, that the action is brought. This had been taken and rendered utterly impassable by the rail road company. And though it would appear, that that company acted prematurely, and without right, in thus obstructing and destroying the town road, before preparing a substitute, yet we think, the highway surveyor was not the person to contest their right, and therefore not to be rendered liable for their acts. The whole business was between the company and the selectmen ; and no communication with the surveyor seems to be contemplated by the charter of the company, or the general rail road act of 1846. Hence it may result, that the town might be liable, for suffering the obstruction of their highway, and yet the surveyor of the district be excused. On both grounds, and especially the last, we think the witness was admissible.

The other parts of the case need not be discussed.

Judgment reversed and case remanded.