CHARLES C. CLOSSON v. M. & E. M. HAMBLET.

*Straightening and discontinuing of highways.*

The right to straighten a highway is impliedly given to the selectmen with that of widening and resurveying it, by secs. 7 & 8 of chap. 22 of the Comp. Stat.

No record of the alteration or opening of the road, as straigtened, is necessary.

If, by the straightening, any portion of the old road is superseded and rendered unnecessary, it becomes discontinued by the act of opening the substitute; and the owner of the soil may maintain an action of trespass against any one who thereafter unnecessarily travels in it.

TRESPASS for breaking and entering the plaintiff's close. Plea, the general issue, and notice; trial by jury, March Term, 1854,—POLAND, J., presiding.

The plaintiff was the owner of a farm in Worcester, which was crossed by a public highway, in a circuitous manner; in May, 1851, the selectmen of Worcester made a contract with him to have said highway across his farm straightened; and, they also made a contract with the plaintiff to build said piece of new road, for which he was to receive ten dollars, and the privilege of fencing up the old road when the alteration was completed. It was an alteration, merely, of the road across the plaintiff's farm, and the completion of the new road, about forty rods in length, would render the old road unnecessary for public travel. The plaintiff went on and built said piece of new road, as he claimed, according to his agreement, in November, 1851; and, in the summer of 1852, the selectmen paid the plaintiff according to said contract. About the first of June, 1852, the plaintiff fenced out the new road and included the old road within his field, and plowed up and cultivated the northerly part of it that season, and the new road has since been occupied for public travel. On the 8th day of November, 1852, the defendants tore down the plaintiff's fence where it crossed the place formerly occupied as the old road, near the southerly end of the new road, and drove his team and a load of lumber on the old road about twenty rods, till he came to that part of the old road which the plaintiff had plowed up, and then turned off from the line of the old road and drove his team through the plaintiff's mowing field to the northerly terminus of the new piece of road.

Closson v. Hamblet.

The defendants' testimony showed that the selectmen of said town had never caused any record to be made of any laying or survey of said alteration across the plaintiff's farm, and tended to show that on the 8th day of November, 1852, said new road, for a short distance, was quite muddy, and in such condition as to be unsafe, and practically impassable with a load of lumber, which the defendants had, and, to avoid the same, they took down one length of the plaintiff's fence across the old road, and went upon the old road until they came to where it had been plowed up, and then, on account of its being very difficult, if not impracticable, to draw their load over it where it had been plowed, they turned and went through the plaintiff's mowing, adjoining said old road, doing as little damage as possible. It was not shown that said old road had been legally laid out, and no question was made but that said old road had been used and occupied, and recognized by the public and the owners of the plaintiff's farm, for more than fifteen years.

The court, among other things not objected to, charged the jury that, if the plaintiff built said piece of new road, under the contract with the selectmen of Worcester, and was paid therefor, by said town of Worcester, and he fenced out the new road as a public highway, and fenced up the old road, and said new road had been used for public travel during the summer and fall of 1852,—about which there seemed to be no controversy,—it would amount to such a dedication of it to public use as a highway, that the plaintiff would have no right to resume the possession of the land; but that this would not have the effect to discontinue the old road; that unless the old road was discontinued, by the selectmen, in the manner pointed out by statute, it still remained a public highway, and the defendants had a right to take down the fence erected by the plaintiff across said road, and travel on said old road; and if, by reason of the plaintiff's having plowed up a part of it, that part had thereby become so dangerous or difficult as to be practically impossible to pass over, and the said piece of new road was also in such condition as to be unsafe and dangerous to pass, then the defendants had a right to turn out and go upon the adjoining land of the plaintiff, doing as little damage as the nature of the case would admit of. Verdict for the defendants. Exceptions by the plaintiff.

*O. H. Smith* for the plaintiff.

The selectmen had the power to abandon the easement of the old road, and accept the dedication of the new: *Hopkins et al* v. *Crombie*, 4 N. H. 520.

An alteration in a highway is, *ipso facto*, in law, a discontinuance of the part altered: *Commonwealth* v. *Westborough*, 3 Mass. 406; *Commonwealth* v. *Cambridge*, 7 Mass. 158.

An easement acquired by occupancy, may be lost by abandonment; *Liggins* v. *Inge*, 7 Bing. 682.

*Peck & Colby* for the defendants.

Until the order of the selectmen, altering the highway, was recorded, the old highway could not be regarded as discontinued, or the new one as established: Comp. Stat., Chap. 22, § 14–18; *Patchen* v. *Morrison*, 3 Vt. 590; *Warren* v. *Bunnell*, 11 Vt. 600; *Blodgett* v. *Royalton*, 14 Vt. 288; *Young* v. *Wheelock*, 18 Vt. 493.

The defendants were then lawfully in the old highway, and when a common highway is so out of repair as to be practically impassable, the traveller may go upon the adjoining fields: 2 Kent, 339; *Taylor* v. *Whitehead*, 2 Doug. 748–9; Broom's Legal Maxims, 2; BULLER, J., in *Ball* v. *Herbert*, 3 Term. 263, Comgs. Dig. Tit. Chemin. A. 1, p. 26.

The opinion of the court was delivered by

REDFIELD, CH. J. I. The first question made in the case is, as to the effect of straightening a highway, by the selectmen of a town, with the consent of the land-owner. The 7th and 8th sections of chapter 22 of the Compiled Statutes seem to imply that the selectmen shall have power to resurvey highways, in the condition of this very road, when the original survey is not recorded, or to widen old highways. And this implies the right to straighten the road. And, if the alteration supersedes the necessity of the use of any portion of the old road, it is discontinued, of course, by the very act of opening a substitute. This has been decided in Massachusetts, and recently recognized by this court, in regard to changing the bed of a railway. And we do not think it necessary in making an alteration of the character here described, which is really nothing more than straightening the highway, to record

either the alteration or the opening for public travel. The fact of the alteration being made, and the straightened road being opened, in fact, for travel, under the direction of the selectmen, made it a public highway, to all intents, by acquiescence of the authority of the town, who have the control and are liable for the sufficiency of the highways, within their limits. This is not such a deviation as really constitutes a new highway, as in the case of *Young* v. *Wheelock*, but is really the old highway, with such slight deviations as do not destroy its identity, and, therefore, the town are bound by the deviation, and the public, who find this avenue for travel open, and no other, are at liberty to use it. This is the highway, and the former highway is, in fact, and in law, discontinued, and the public have no more right to use the old highway than any other of the adjoining land, which is only when the highway becomes dangerous and impassable. This is virtually decided in *Battey* v. *Duxbury*, 23 Vt. 714.

As the only proper question of fact arising in the case, whether the defendant left the highway, as opened, in the first instance, from reasonable necessity, was wholly withdrawn from the consideration of the jury, the judgment is reversed, and case remanded.