JOSEPH HATCH *v.* THE VERMONT CENTRAL RAILROAD COMPANY.

*Possession of the highway and of the premises adjoining. Action for public nuisance. Evidence.*

The occupation of premises on the line of a highway for a period of twenty years or more, without any paper title affords no presumption, as matter of law, that the possessor's title extends beyond the limits of his actual possession or to the centre of the highway.

Nor can a person acquire a title to any portion of the highway by an occupancy of it with his wagons and carriages and those of his customers, if such occupancy is not adverse to the rights of the public, or under some other claim of right to the premises than as a highway.

The decision in *Hatch* v. *Vt. Central Railroad Company,* 25 Vt. 49, recognized.

No action on account of a public nuisance can be sustained by a person who has not sustained special damage from it.

In an action against a railroad company, who are not made liable for consequential damages, occasioned by the construction of their road, to persons whose lands are not taken, evidence as to the manner in which they have constructed their road upon premises not belonging to the plaintiff, is inadmissible, if it does not tend to show that the company have exceeded their powers or have been negligent in the exercise of them.

A certified copy, from the records of a town, of what purports to be the location of a railroad in that town, is admissible in evidence for the purpose of showing that such a paper was on record.

ACTION ON THE CASE to recover damages sustained by the plaintiff in consequence of the construction by the defendants of their railroad. Plea, the general issue; trial by jury, November Term, 1855,—PIERPOINT, J., presiding.

On the trial the plaintiff introduced evidence tending to prove that, at the time of the injury complained of, he was the owner, and in the occupancy of a large and valuable building at the corner of Main and Water streets, in Burlington, in which he carried on a large bakery and grocery; and that said building and grounds were of the value of seven thousand dollars; and that the defendants built an embankment of the height of three feet or more across Main and Water streets, and adjoining said bakery and store, and within twelve feet of the corner of the same, without taking any of the plaintiff's land; and offered evidence to prove that the defendants could and might, with equal convenience to themselves and the public, at an additional outlay of fifty dollars, have carried their track at least fifteen feet further from the plaintiff's building; and thereby have reduced the damages to the plaintiff at least one thousand dollars; and that the defendants might and could have so altered the grading of said railroad at the crossing of said Main and Water streets, without any additional expense, and without any temporary or permanent injury to themselves, as to have the said railroad track cross said Main and Water streets at the grade of said streets, instead of three feet above; and that the crossing said streets at the grade of said streets by the said railroad track would have been a trifling injury to the plaintiff's property, compared to that now sustained by him; but, the testimony being objected to, the court excluded it.

The plaintiff, to show title, gave evidence that he had been in possession of said building more than twenty years, claiming all the time as owner, and that said building so used as a bakery and

grocery as aforesaid, was built on the line of. the street, and that, during all the time of his said occupancy, his wagons, carts and carriages, and those of his customers used and occupied said Main and Water streets adjoining and before the doors of said building; and claimed that from such occupation and possession the law would presume his title extended to the middle of said Main street and the middle of said Water street; but the court decided that the plaintiff's right was limited by his enclosure or building, and would give him no rights beyond the limits of the highway, as no paper title had been shown.

The plaintiff introduced evidence tending to show that the basement floor of his bakery was on a level with the grade of Main and Water streets, and that there was a door of entrance both on Main and Water streets, and that the water, before the building of said railroad, flowed away from the building and towards paved water courses constructed for the purpose of conducting said water along said streets, and that, after the building of the railroad, access to said doors of entrance was nearly or quite impracticable for teams; and that the water course for the passing of the water coming down Main street was insufficient to pass the water, and that in hard showers it was obstructed and remained in the street before the plaintiff's doors; and that before the building of said railroad the water coming down Water street was carried by an open paved drain near the centre of the street, but that in building said railway across said Water street, the railway was raised above the paved drain, and no water course left, and that thereby the water was obstructed and thrown upon the street, near to and in front of the plaintiff's door; and that it so remained for a considerable time, making a mud-hole in which swine were accustomed to wallow.

The plaintiff also offered evidence tending to show that the street commissioners of Burlington proposed to Gov. Paine, then president of the defendants, that the town of Burlington would give fifty dollars if the defendants would pay fifty dollars more, and fill up said streets adjoining the plaintiff's bakery, and make suitable water courses for carrying off the water; but that Paine declined, but offered to pay twenty-five dollars, which was only a small part of what it would cost to make said streets convenient, with suitable water courses.

The evidence introduced by the defendants tended to prove that the road did not obstruct the water courses, but that they remained open, as before the road was made.

, The plaintiff requested the court to charge the jury that it was the duty of the defendants, in constructing the railroad across said streets, in front of, and near said building, not only so to construct their road as to do as little damage as they could to the plaintiff, without materially injuring said railroad, but that they were bound to incur any reasonable expense that might be necessary to restore the water courses and streets to their former state of usefulness, and that this was not merely a duty to the public, but that any property holder adjoining the crossing of said streets, who was injuriously affected by the defendant's neglect, would be entitled to redress.

The defendant offered in evidence a certified copy of the records of the town of Burlington of what purported to be a location of the defendants' railroad in Burlington, to the admission of which the plaintiff objected, but the objection was overruled and the paper admitted.

The evidence tended to prove that the railroad constructed in front of the plaintiff's bakery was constructed upon the public highway, and was a part of the first and only railroad constructed by the defendants in the town of Burlington, and had been in constant use by the defendants ever since its construction.

The plaintiff insisted that the defendants had not made a sufficient defense to the plaintiff's action, as there was no evidence that, in the location and construction of said railroad, the requirements of the charter of the defendants had been complied with.

The court instructed the jury that the copy of the records of Burlington, introduced by the defendants, was no evidence of the fact that the location of the road was made by the directors of the company, but if they found, from other evidence in the case, that the road, the construction of which was complained of by the plaintiff, was a part of the first and only railroad that the defendants had constructed in the town of Burlington, and that the same had been used by the defendants from the time of its construction hitherto, it would be a sufficient defense to the action, unless it appeared that in the construction or use of the road, the defendants had

11

done what, by law, they were not authorized to do, or had omitted to do what the law required them to do, and that the plaintiff had suffered damage by such act or omission; that the defendants had a right to determine upon what line and upon what grade they would construct their railroad, and for such determination and con- struction they were not responsible to the plaintiff in this action; and if the defendants, in good faith, constructed the road in front of the plaintiff's ·premises, upon the line and grade they did, they were not responsible in this action, unless they obstructed the water course or courses crossing the railroad, so as to cause the water to flow upon the premises of the plaintiff; if they did so obstruct the water course, the plaintiff was entitled to recover all the dam- ages he had sustained thereby; or, if the defendants, in forming the embankment in front of the plaintiff's premises, through care- lessness, negligence, or wanton disregard of the rights of the plain- tiff to pass to and from his premises, unnecessarily obstructed or hindered him in so passing, the defendants would be liable in this action for such damages as the plaintiff had thereby sustained; that although the embankment made by the defendants might have caused water to stand in the highway in front of the plaintiff's premises so that a hog could wallow in it, the defendants were not, on that account, liable in this action, unless the plaintiff proved that he had sustained some special damage in consequence thereof, and that there was no evidence tending to prove any such special damage.

Verdict for the defendants.   Exceptions by the plaintiff.

*D. A. Smalley* and *C. Linsley* for the plaintiff.

*Roberts & Chittenden* for the defendants.

The opinion of the court was delivered by

BENNETT, J.   We think the court below were right in limiting the plaintiff to the line of the highway.   The case, it is true, shows that the plaintiff's store was built upon the line of the highway, and that he had been in the possession of the premises for more than twenty years; but no title deeds were put into the case, and we cannot presume, as matter of law, in the absence of proof, that the

plaintiff's title went beyond his actual possession. Although the case shows that the highway, contiguous to the plaintiff's store, was used by him and by his customers for their wagons, &c., yet there was no pretense that such occupancy was adverse to the rights of the public, or under any claim of right, except as a common highway, and, as such, to be used by any one who had occasion to use it; and there is nothing in the case to show any improper use of the highway by the plaintiff any more than by any of his customers. The case then does not call upon us to decide what would have been the rights of Hatch, if any, in case it had been shown that he owned the fee in the land, to the centre of the highway. It will be time enough to decide such a case when one arises. Unless the plaintiff can stand upon the ground of negligence or want of proper care in the defendants, in the construction of their road, the principles of the case were settled by this court in their previous decision; 25 Vt. 49. The jury, by their verdict, have negatived all negligence or a wanton disregard to the rights of the plaintiff, in raising the embankment in front of the plaintiff's store; and have found that the plaintiff's right of ingress and egress from his store has not been unnecessarily obstructed.

The plaintiff also had the benefit of the instruction to the jury, that, if the water course crossing the railroad was obstructed so as cause the water to flow back upon the plaintiff's land, to his injury, he was entitled to his action.

It is clear the court was right in telling the jury that the plaintiff could not recover, although the defendants caused the water to stand in the highway in front of his store, without proof of *special* damage. If the standing water became a nuisance to the public, the remedy would be by indictment, and not by private action, unless in case of *special* damage. The plaintiff has no ground to complain of the charge of the court in any respect.

We are now required to see if any errors were committed in the trial of the cause, in the admission or exclusion of evidence, to the injury of the plaintiff. It has been settled, even by our own courts, that it is competent for the legislature to grant the right of building a railroad without requiring compensation to be made to landowners for *consequential* damages in cases in which no land has been actually taken for the use of the road; and, as the legislature

have not required compensation to be made in a case like this, for consequential damages, the plaintiff must be without redress so long as the company keep within their powers, and are not guilty of negligence or a want of care in the exercise of their powers under their charter. Testimony, then, to be admissible, should tend to show that the company have exceeded their powers, or have been negligent in the exercise of them. The offer made to Gov. Paine, the president of the company, by the street commissioners, to fill up the streets adjoining the railroad and the plaintiff's bakery, and the reply of Gov. Paine to it, was properly excluded. It had no bearing upon the question of negligence in the defendants while engaged in the execution of their powers, and besides, the declaration of Paine would not be evidence against the company, unless made by him relative to something within his agency.

We see no good objection to the admission of a certified copy of what purports to be a location of the road, from the records of the town of Burlington. It is not stated for what purpose it was offered, or for what purpose it was admitted.

It is clearly evident that such a paper was on record, and the jury must have found, under the charge of the court, that the defendants have constructed the road, and have ever since used it. If it was necessary for the defendants to prove a location, this was proof enough of it; and the theory of the plaintiff's action goes upon the ground that the road was located in the very place where it now is, and the complaint is, that the location and the construction of the road were both improper.

The judgment of the county court is affirmed.