BUCK & PENDAR *v.* CONNECTICUT & PASSUMPSIC RIVERS RAIL-
ROAD COMPANY.

*Railroad.    Obstructing Highways.    Liability.*

The damage resulting to an individual in consequence of a railway company so con-
structing their road across a highway as to make it impassable at the crossing, does
not constitute a claim against the company, where the facts show no positive in-
jury, but show a mere *non-feasance.* The liability of the company for such default
is, under the statute, to the town ; and ·the liability of towns to individuals for
such insufficiency of a highway does not differ from their liability for insufficiencies
from other causes.

The question is not considered whether a railroad company might not so obstruct a
public highway  that an action in favor of an individual injured by the obstruc-
tion would lie against the company.

ACTION ON THE CASE.    To the plaintiffs' declaration the defend-
ants filed a general demurrer.    Joinder on demurrer and trial by the court, June term, 1869, Orleans county, STEELE, J., presiding.

Judgment that the declaration was insufficient, and for the de-
fendants for their costs.    Exceptions by the plaintiffs.    The substance of the declaration is stated in the opinion of the court.

*W. W. Grout*, and *L. H. Bisbee*, for the plaintiffs.

The declaration in this case alleges damage peculiar to the plaintiffs, and which from the very nature of the case could not be common to the whole public, and brings the case within the rule in *Iveson* v. *Moore*, 1 Lord Raymond, 486, and in *Hart* v. *Bassett*, T. Jones, 156 ; 4 Vin. 495 ; in fact makes it a much stronger case ; brings to it an absolutely tortious element. It was with intent to *injure* the plaintiffs that the obstruction was interposed and continued. The only possible question which can fairly arise on the declaration and demurrer is whether the nature and degree of the damage alleged is sufficient to entitle to private action. Upon this point see Hilliard on Torts, vol. 1, p. 555, also *Greasley* v. *Codling*, 2 Bing., 263 ; *Call* v. *Sproal*, 35 Maine, 161 ; *Hatch* v. *Vt. Cen. R. R. Co.*, 28 Vt., 142, and *Baxter* v. *Winooski Turnpike Co.*, 22 Vt., 114, and cases there examined.

*Edwards & Dickerman*, for the defendants, cited Red. on Railw., § 17, p. 371, 2d Ed.; Gen. Sts., ch. 28, § 42 ; *Hatch* v. *Vt. Cen. R. R. Co.*, 28 Vt., 147 ; *Willard* v. *Newbury*, 22 Vt., 458 ; *Batley* v. *Duxbury*, 24 Vt., 155; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt., 114 ; *Hubert* v. *Graves*, 1 Esp., 147.

The opinion of the court was delivered by

WILSON, J. This is an action on the case and the only question presented by the exceptions is, whether the declaration is sufficient on general demurrer. The substance of the declaration is, that the highway in question is a public highway ; that the defendant corporation, in constructing their railway across said highway, made a deep cut across the same ; that it was the duty of the corporation to construct and establish a bridge over said railway or otherwise complete a crossing for the use of persons traveling over said highway to the acceptance of the selectmen of Derby, or at the discretion of the corporation to alter the highway and make the same across their railway at some other point in such a manner that the plaintiffs and all other persons wishing to pass over the highway could do so without interruption. The declaration further alleges that the defendants have not constructed a

bridge over and across said railway for the accommodation of the highway, nor otherwise completed a crossing at said point to the acceptance of the selectmen of Derby, and that the defendants have not taken steps to alter said highway, and take the same across the railway at another point; but have, with intent to injure the plaintiffs, neglected and refused to build any bridge or construct any crossing whatever for the accommodation of said highway and the persons wishing to travel over the same, whereby and by reason of which the plaintiffs are wholly cut off from all and every approach to and from their farm and farm buildings over and by means of said highway. It is clear that no cause of action is stated in the declaration. The declaration admits that the highway in question is a public highway, and it admits that the obstruction complained of was caused by the defendants in the proper and legitimate construction of their railway. It appears that the plaintiffs seek to maintain this action upon the ground that the defendants have neglected to erect and complete a crossing over their railway for the use of the plaintiffs and other persons wishing to pass over said highway. No authority has been shown and we are aware of no principle upon which the defendants could be held liable to the plaintiffs upon the facts set forth in the declaration. The right of the defendants to construct their railway across the highway is given to them by their charter; and their duty in respect to erecting, completing and maintaining crossings for the accommodation of the highway, and their liability for neglect of that duty, are all created and regulated by statute.

Section 38 of chapter 28 of the General Statutes provides that, in all cases where any railroad company has constructed or shall hereafter construct its road across any highway, and shall find it necessary to erect a bridge or embankment for the accommodation of such highway, unless such company shall complete such crossing to the acceptance of the selectmen or railroad commissioner agreeably to its charter, said railroad company and its assigns shall keep and maintain such bridge or embankment in good and sufficient repair for all purposes of a public highway, and shall be liable in an action on the case to the town in which such crossing is situated, for all injuries either to person or property in

consequence of the insufficiency of such bridge or embankment, and also for all costs and expenses incurred by such town on account of any such injury to person or property.

Section 39 provides that, in case of neglect of the railroad company to make all necessary repairs to such bridge or crossing, on request of a majority of the selectmen of the town, the selectmen may make such repairs, and the town may recover the same of the railroad company. Section 40 of the same chapter makes further provision as to the duties of railroad companies in relation to and their liability for damage at such crossing. It is obvious, from the several provisions of the statute relating to the main facts set forth in the declaration, that the town of Derby and the defendants are the proper persons or parties to regulate the matters relating to the crossing in question. Where a railroad is constructed across a public highway, the crossing for the accommodation of such highway, whether it be by means of a bridge, embankment or other construction, becomes a part of the public highway, which it is the duty of the town to maintain in sufficient repair. The statute provides, *first*, that the railroad company shall complete and maintain in sufficient repair such crossing ; *second*, that such company shall, if they neglect to complete and maintain such crossing in good and sufficient repair, be liable to the town for injuries to individuals and their property in consequence of such neglect ; and *thirdly*, the company shall be liable to the town for the expenses incurred by the town in making such repairs of the crossing as the railroad company ought to have made. This view of the case is supported by the general course of legislation in this state upon the subject. The liability of the railroad to the town, for such neglect, arises from the liability of the town to the individual whose person or property is injured in consequence of the insufficiency of the crossing, which is part of the highway. As between the town and such individual, the neglect of the railroad company to complete or keep in sufficient repair such crossing, is the neglect of the town ; and the liability of the town to individuals for injuries sustained in consequence of the insufficiency of such crossing does not differ from its liability to individuals for such injury in consequence of the insufficiency of a bridge erected

over a river or other stream for the accommodation of a public highway. This construction of the statute does not abridge the rights of individuals who sustain damage in consequence of the neglect of a railroad company to complete and maintain such crossing, but it preserves those rights and allows them to be enforced against the town by such individuals, according to the provisions of chapter 25 of the General Statutes, in the same manner as if the duty of erecting and maintaining such crossing had rested primarily on the town. If it had been the intention of the legislature to leave the matters relating to such crossings to be arranged and regulated by and between individuals, who might wish to travel the highway, and the railroad company, and to give such individuals, for injuries in consequence of the neglect of a railroad company to complete and keep in repair such crossing, the right to proceed at their election for such injuries, either against the company or the town, some provision of the kind would have been made. In the case at bar it is not alleged in the declaration that the defendants, by any unlawful act, obstructed the highway. The facts stated do not show any positive injury to the plaintiffs, but they show a *non-feasance* merely, for which the defendants are not liable to the plaintiffs. We have no occasion to consider whether a railroad company might not so obstruct a public highway that an action in favor of an individual injured by the obstruction would lie against the company.

The judgment of the county court is affirmed.