Hon. TIMOTHY P. REDFIELD, ⎫
Hon. JONATHAN ROSS, ⎬ ASSISTANT JUDGES.
Hon. WHEELOCK G. VEAZEY, ⎭

---

## THOMAS MANN *v.* CENTRAL VERMONT RAILROAD CO.

### *Railroad Crossing.   Negligence.*

1. If a railroad company by its servants negligently constructs a crossing over a public highway, and a person without fault is injured in his property while travelling on the crossing by reason of a defect in it, the company is liable in an action to such person.
2. R. L. ss. 3131, 3132, 3133, penalty for obstructing travel, &c. ; 3377, 3383, railroad crossings, damages, construed.

TRESPASS on the case.   Appeal from the City Court of Burlington.   Heard on demurrer to the declaration, April Term, 1882.   Demurrer overruled.   The case was then heard upon the plea of the general issue by the court.   Judgment for the plaintiff.   The facts are sufficiently stated in the opinion of the court.

*Noble & Smith* and *Roberts*, for defendant.

The towns are primarily liable for all injuries received by persons travelling lawfully on the highways. This obligation is imposed on the towns, and this court have, in the case of *Batty* v. *Duxbury*, 24 Vt. 162, confirmed this liability primarily in the towns, as between a railroad company which obstructs a highway and the town. *Barber* v. *Essex*, 27 Vt. 62. The company occupies a position of *secondary* liability. *Phillips* v. *Veazie*, 40 Me. 96 ; Redf. Railways, ss. 171–2, n. ; *Brown* v. *Lent*, 20 Vt. 529 ; *Willard* v. *Newbury*, 22 Vt. 458 ; 24 Vt. 162 ; *Buck* v. *Conn. R. R. R. Co.*, 42 Vt. 370.

*Hard & Safford*, for the plaintiff.

1. The judgment on demurrer, not excepted to, finally determined the legal effect of the facts stated in the declaration. The subsequent plea of the general issue presented the cause for trial in the court below only upon the question made by a denial of those facts. No other question is before this court. 1 Chitty Pl. 472, 661 ; Gould Pl. 476, 477. The County Court found the facts to be as stated in the declaration, and upon them the plaintiff should recover. Wharton Negligence, ss. 157, 159, 164 ; *Teel* v. *Watson*, 47 Vt. 634.

2. Section 3383, R. L. does not preclude the plaintiff from enforcing his demand in this action, even if that question was properly before this court. *Dones* v. *Inhabitants*, 1 Allen, 182 ; Wharton on Neg. 969 ; *Gillet* v. *Western R. R.*, 8 Allen, 560 ; 1 Redf. Railways, 420.

The opinion of the court was delivered by

Ross, J. The findings by the County Court establish that, on the occasion complained of, there was a public highway in the city of Burlington which was crossed by a railroad, which the defendant was operating ; that the crossing had been maintained by the defendant and its predecessors for more than ten years prior to the accident ; and that the servants of the defendant just prior to the accident placed a plank between the rails at the crossing, negligently too far from one of the rails, whereby the plaintiff's horse

was injured while being driven with due care along the highway over the crossing. It is not claimed that the defendant is not liable for the negligence of its servants in placing the plank in the crossing, if any liability was thereby incurred to the plaintiff by any one, except the city of Burlington. It is contended that, under the statutes and decisions of this State, the city of Burlington, if any one, is alone liable to the plaintiff for injuries sustained through the insufficiency of the highway at the crossing, and that the defendant's liability, if any, is to indemnify the city of Burlington. It is contended by the counsel for the defendant, that for anything appearing in the exceptions, it may be that the railroad was first constructed and the highway laid over it, in which case the city of Burlington and not the defendant would be bound as between the two to construct and maintain the crossing. R. L. s. 3381. Or, that, if the highway was first established, there may have been a contract between the railroad company and the city, whereby the latter was bound to keep the crossing in repair. If these contentions are true, it is then contended that there would be no obligation resting upon the defendant to indemnify the city if the latter were liable to the plaintiff. These contentions are manifestly inconsistent with the allegations in the declaration, and with the finding of the County Court. The declaration alleges that the railroad *crossed* the highway, and not the latter the former, in such a manner that it was the " legal duty of the defendant to keep and maintain the said crossing in good and sufficient repair for the accommodation, safety, and convenience of the public travel in said highway." The County Court has found that at the time of the occurrence the defendant was in the discharge of this duty, and its servants so negligently discharged the duty that the plaintiff was thereby injured. But if these contentions were true, it is not readily discernible how they would aid the defendant. The defendant's servants were there planking the crossing, either lawfully or unlawfully. In either capacity they represented the defendant. Does it aid the defendant that it was then through its servants, as an intermeddler, creating a nuisance in the highway? Is its position any better than

it would be if there in the exercise of a right, but so negligently as to create a nuisance?

By the common law, any one who obstructed a highway to the special injury of the traveller was liable therefor. 1 Chitty Pl. 126; *Williams' Case,* 5 Coke, 73; *Elliott* v. *Concord,* 27 N. H. 204. " It is clearly agreed to be a nuisance to dig a ditch or make a hedge over-thwart the highway, or to erect a new gate, or to lay logs of timber in it, or generally to do any other act which will render it less commodious." 3 Bac. Abr. 37, (Highways, E.).

Our statutes have enacted the common law in this respect. R. L. ss. 3131, 3132, 3133. The first two sections prohibit, under penalties, the placing of any obstruction or nuisance in any highway so as to impede passing therein, and the last section renders the person guilty of so doing liable to the town or any individual for damages sustained in consequence of such acts. A corporation is a person, within the meaning of the statutes. R. L. s. 21. Hence, if the defendant created the obstruction or nuisance by which the plaintiff received the injury complained of without right, and unlawfully, it would be answerable therefor to the plaintiff under these provisions of the statute as well as at the common law. Under these statutes, is the condition of the defendant any better because it was charged with the duty of maintaining the highway at the crossing in good and sufficient repair, and that it so negligently performed that duty that plaintiff thereby sustained damages? We think not. The defendant under the statute laws of the State had the right to construct and maintain its railroad across the public highway. R. L. ss. 3377 to 3385. In doing so it assumed the duty of keeping the crossing in good and sufficient repair " for the accommodation, safety and convenience of the public travel on the highway." (S. 3383). At common law, whenever a right is conferred and a corresponding duty imposed upon a person or a corporation, it is answerable to a third person who sustains damages by the negligent discharge of such duty. The fundamental maxim of the common law underlying all questions of duty and negligence, *sic utere tuo ut alienum non lædas,* applies. Negligence is nothing more than a failure to discharge

the duty resting upon one under the circumstances of the case. Such negligence of an individual or a corporation is actionable in favor of the person to whom it occasions special damage. A different rule applies in regard to the failure of *quasi* corporations like towns, counties, &c., to discharge a public duty imposed by statute, where no liability is thereby expressly created. This distinction is clearly taken and announced by Ch. J. PARSONS, in *Riddle* v. *Proprietors of Locks & Canals, &c.,* 7 Mass. 169. In regard to railroad corporations the decisions of this court are explicit in holding them liable for damages sustained by this negligence in the exercise of a right or discharge of a duty. The cases of *Willard* v. *Newbury,* 22 Vt. 458, and *Batty* v. *Duxbury,* 23 Vt. 714, and 24 Vt. 155, assume that the railroad corporations were liable for the damages sustained by the plaintiffs from their respective failures to discharge the duties imposed by the statute ; but hold that such liability did not release the towns from their primary duty to maintain their highways in a reasonably safe condition when sued by a traveller. In *Hatch* v. *Vt. Central R. R. Co.,* 25 Vt. 49, the judgment was reversed and cause remanded and retried, as found reported in 28 Vt. 142, on the express ground that the defendant would be liable to the plaintiff for any damages it caused him by negligently and carelessly constructing and maintaining its railroad near his premises, although the road did not pass over any portion of the plaintiff's premises. The town of Newbury was allowed to recover of the Conn. & Pass. Rivers R. R. Co. for the damages and costs sustained by it through the judgment of Willard against it, as is stated by Ch. J. REDFIELD in *Batty* v. *Duxbury, supra.* Hence, R. L. s. 3383, passed subsequently to that decision rendering railroads liable to towns for all damages and costs sustained by the latter, by the failure of the former to construct and maintain their crossings over highways, so that the same should be convenient and safe for the public travel on the highways, simply declared the law to be what this court had already decided it to be. It seems to have been enacted by the legislature *ex majori cautela.* It cannot be held to have intended to change the law so that the liability of the railroad companies would be to the towns alone. There was no attempt

to modify ss. 3131 to 3133 then upon the statute, rendering railroads liable to any one who should sustain special damages by an obstruction or nuisance created by a railroad company in a highway. The provisions of s. 3383 are not inconsistent with the provisions of ss. 3131 to 3133, and hence did not repeal the latter by implication. *Barber* v. *Essex*, 28 Vt. 62, affirms the doctrine announced in *Willard* v. *Newbury*, and in *Batty* v. *Duxbury*. On these statutes and decisions there is no intention manifested to change the common law in regard to the liability of a railroad corporation for damages sustained by negligence in the discharge of its duty. This common law liability has been expressly held in a case almost identical in its facts, in *Gillett* v. *Western R. R. Co.*, 8 Allen, 560. But it is insisted that the decision in *Buck* v. *Conn. & Pass. Rivers R. R. Co.*, 42 Vt. 370, in substance, supports the defendant's contention that the railroad is only liable secondarily to the town. A careful examination of that case will show that it was an attempt to render the defendant liable for not building any crossing over a highway, which it had obstructed in constructing its railroad, and that the plaintiffs with the rest of the public had thereby been deprived from using the highway. It was held that the railroad company and the selectmen of the town, under the statute, were to determine when, how and where the crossing should be constructed, and that the defendant was not liable for mere nonfeasance in this respect. But the court were careful to say : " We have no occasion to consider whether a railroad company might not so obstruct a public highway that an action in favor of an individual injured by the obstruction would lie against the company." Neither on its facts nor on the decision as announced does that case support the defendant's contention. No good reason can be given why an individual who has sustained an injury by the negligence of a railroad company in maintaining a crossing over a public highway should be compelled to seek redress against the town which is also under a duty and liability to him to maintain the highway at that point in a reasonably safe condition, and then have the town recover the same damages with added costs against the railroad company. It is more consonant with justice and reason to hold that he should enforce his remedy

directly against the party whose negligence has caused the injury, even if he might have a remedy also against the town. It is evident there may be cases where the railroad company would and ought to be liable to the individual when the town would not. Suppose the injury followed the creation of the obstruction or nuisance by the railroad company at so short an interval of time that the town had no notice of the same, nor opportunity to remove it, the railroad company might be liable while the town would not. The party injured, on the defendant's contention, would be without remedy in such a case, which would be most unjust.

Judgment affirmed.