# PHILINDA M. WILKINS, ADX. v. VILLAGE OF RUTLAND.

*Municipal Corporations. Liability for Negligence in Maintaining Water System.*

1. The village of Rutland maintains a water system for the double purpose of supplying the inhabitants with a supply for private purposes, and providing against fire. *Held,* that as to that portion of the system supplying individuals for hire, the village is liable for any negligence in its construction or maintenance.

2. The village had put in a water box in that part of the system, which was at the time of putting in sufficient and safe. Subsequently the dirt in the street around the box was in some manner, it did not appear how, removed, so that the water box projected above the surface of the earth. The referee found that in this condition it was unsafe, and that the water commissioners were negligent in leaving it so, and that the death of the plaintiff's intestate was occasioned by this defect. *Held,* that the defect was one in the water system of the defendant, and not in the highway, and that the defendant was liable.

This was an action of trespass on the case for the alleged negligence of the defendant resulting in the death of the plaintiff's intestate. Plea, not guilty. The case was referred, and was heard at the March Term, 1888, Tyler, J., presiding, on the report of the referee and an agreed statement of facts. Judgment for the plaintiff, and exceptions by the defendant. The questions raised by the exceptions sufficiently appear in the opinion.

*Butler & Moloney,* for the defendant.

There is an implied obligation on the part of the village to construct its aqueducts and water boxes in a reasonable and prudent manner, and to keep the same in repair. *Willard* v. *Newbury,* 22 Vt. 458. But this does not change the obligation on the part of the town to keep its highways in this highway district in repair.

After complying with this obligation as to construction and repair the village owes no further duty to the public. If any further obligation exists it is to the town and not to individuals.

Wilkins *v.* Rutland.

"There is in law no necessary privity between the traveler and any one but the town." *Newbury* v. *C. & P. R. R. Co.*, 25 Vt. 377; *Batty* v. *Duxbury*, 24 Vt. 163.

The village is not liable for defects in its highways. *Parker* v. *Rutland*, 56 Vt. 223.

The accident resulted from the neglect of the town to keep the surface of the highway in sufficient repair.

If the water box had been wrongfully placed or had been suffered to become insufficient and out of repair, the village might be liable; but here the water box as a water box was in all respects sufficient. It was only because of a change in the grade in the street that the accident occurred, and this the village had no power to control. Dillon, s. 721, note 2. *Ill. Cen. R. R. Co.* v. *Bloomington*, 76 Ill. 447.

*Charles H. Joyce*, for the plaintiff.

The referee finds that this water box was not at the time of the accident in proper repair, and that it was negligence on the part of the water commissioners, and therefore on the part of the village, to have left it in this condition. Since the accident was caused solely by the neglect of the village, it ought to be held responsible for it. *Winn* v. *Village of Rutland*, 52 Vt. 481; *Welsh* v. *Village of Rutland*, 56 Vt. 228.

The opinion of the court was delivered by

Ross, J. The defendant owns and manages an aqueduct for supplying the inhabitants of the village with water for domestic purposes, and itself with water for the extinguishment of fires. For such use it has the right to lay aqueduct pipes through the streets of the village, and to maintain them. It is not contended that the village is not liable for injuries which it may cause by a negligent or improper use of its power, it being a right and privilege voluntarily assumed for its own benefit, and not a municipal duty imposed by law. It is found by the referee that in the exercise of this right it laid a pipe along the highway in Green street, and placed therein, within the limits of the highway, in the spring of 1884, a water-box, to be used in letting on

(22)

and shutting off the water, to supply a customer. This water-box consisted of a cast-iron tube extending from the aqueduct pipe, near the surface of the ground, covered with a cast-iron cap, screwed on the end of the pipe. When put on the cap was a little below the surface of the ground. It is found that the water-box was located in the outer edge of the highway, which was nearly level, and as put in and left, when last examined in the fall of 1884, was safely and properly constructed. In the spring of 1886, from some cause, the cap of the box, by a change in the surface of the ground at that point, or from some other cause, was about three inches higher than the ground around it. The plaintiff's husband and intestate, in attempting to pass a team in the road at that point, in June, 1886, was thrown from his carriage and killed, by the wheel of his carriage getting caught and broken on the cap of the water-box. It was conceded that the water-box, at the time of the accident, was not in proper repair, and was dangerous to travelers. It is found that "the water commissioners of the village of Rutland did not exercise ordinary care and prudence in looking after it, and in keeping it in repair, and that their neglect to do so was the cause of the accident." It is further found that no want of care on the part of the intestate contributed to the happening of the accident that resulted in his death. The plaintiff seeks to recover the damages she has sustained as the widow of the intestate, under the statute. It is agreed that the water-box was not defective nor out of repair at the time of the accident, except in the sense that the earth was worn down or washed away around it, as stated in the report. These are the controlling facts found and agreed upon, and the only contention is whether they entitle the plaintiff to recover. On the agreed statement it is contended that the highway, and not the water-box, was defective; that if the defendant had discharged its duty in regard to the repair of the highway, and filled around the water-box, there would have been no defect there and the intestate would not have been injured. This contention ignores the fact found by the referee, that it was "conceded that the water-box, at the time of the accident, was

not in proper repair," and the finding that the water commission-ers "did not exercise ordinary care in looking after it and in keeping it in repair, and that their neglect to do so was the cause of the accident." It also assumes that, by reason of the earth having worn or washed away around the water-box, the highway at that point had become insufficient. But no such fact is found by the referee, and we cannot presume that it existed. Notwithstanding the agreed statement, on the facts found, the cause of the accident was the improper condition of the water-box, or the negligence of the defendant in maintaining it in a proper condition. This places the neglect upon the defendant as the owner and manager of the aqueduct, and not as having the supervision of and charged with the duty of repairing the highway at that point. For an injury caused by its failure to repair the highways within its limits the defendant is not liable, but for an injury caused by its failure to properly maintain its aqueduct it is liable. *Welsh and Wife* v. *The Village of Rutland*, 56 Vt. 228. It is doubtless true, as contended for the defendant, that the water-box, in its situation at the time of the accident, was an obstruction to the highway at that point, but it was an obstruction which it was the duty of the defendant, as the owner and manager of the aqueduct to remove, and not its duty as having control of the repairs on the highways within its limits. If the aqueduct had been owned and managed by a third person, and if the defendant had, under the law, been liable to the plaintiff because it had failed to remove the obstruction caused by the water-box, under the decision of this court the defendant could have recovered what damages and costs it might have been compelled to pay the plaintiff of such third person, who caused the obstruction. On the authority of *Mann* v. *Railroad Co.*, 55 Vt. 484, the plaintiff, on the facts found, could have recovered the damages sustained, in a suit directly against such third person. The defendant, standing in the place of such supposed third person, it follows that the plaintiff is entitled to recover the damages, which she has sustained of it, in this suit.

*The judgment of the County Court is affirmed.*